IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RICKY SMITH,                                      *
                                                  *
                    Plaintiff,                    *
                                                  *
                                                  *
vs.                                               *            No. 4:10cv01557 SWW
                                                  *
                                                  *
                                                  *
                                                  *
ARKANSAS HIGHWAY POLICE, a                        *
division of the ARKANSAS STATE                    *
HIGHWAY AND TRANSPORTATION                        *
DIVISION, a public body corporate; and            *
RONNIE BURKS, individually and as                 *
Chief of the Arkansas Highway Police,             *
                                                  *
                    Defendants.                   *

ORDER

        Plaintiff Ricky Smith brings this employment discrimination action on the basis of race

(African American) and retaliation pursuant to Title VII of the Civil Rights Act of 1964 (Title

VII), 42 U.S.C. §§ 2000e *et seq.*, 42 U.S.C. § 1981, and 42 U.S.C. § 1983, alleging that his

employer, the Arkansas Highway Police (AHP), a division of the Arkansas State Highway and

Transportation Division, a public body corporate, and Ronnie Burks (Burks), individually and as

Chief of the AHP (collectively, defendants), denied him a fair and equal opportunity to be

promoted to the position of Sergeant.  The matter is before the Court on motion of defendants to

dismiss [doc.#4].  Plaintiff has responded in opposition to defendants' motion and defendants

have filed a reply to plaintiff's response.  For the reasons that follow, the Court grants in part and

denies in part defendants' motion to dismiss.

I

Plaintiff states he has been employed with the AHP since May 2001 and that his employment during that time has been satisfactory. Compl. ¶ 3. Plaintiff states that in June 2009, he sought to be promoted to the position of Sergeant but that several white employees of the AHP, subordinate to Burks, contrived to prevent him from being selected for the position. *Id*. at ¶ 5. He states that the white employees put into motion a plan to taint his work record so as to make him ineligible for consideration for the position of Sergeant based on the requirement that an applicant not have a disciplinary within a year preceding his/her consideration for advancement. *Id*. Plaintiff states that they did so in whole or in part because he had complained that he was being treated differently from other police at his level due to race. *Id*.

Plaintiff states he was eventually vindicated with respect to the complaints which the white employees contrived but that by then, the vacancy(s) had already been filled. *Id*. at ¶ 6. He states that Burks was made aware of the circumstances involving the white employees but that Burks allowed those circumstances to develop and proceed without affording him a fair and equal opportunity to be promoted. *Id*. at ¶ 7. Plaintiff states he was qualified for the position(s) and applied or would have applied in a timely fashion but that he was prevented from doing so by the actions of the defendants. *Id.* at ¶ 8. He states he was not selected and that other persons of lesser qualifications were selected. *Id.* Plaintiff states that all the parties involved in the selection process were aware that he wanted to be promoted and that the actions taken by them were intended to deprive plaintiff of his right to be free from discrimination and retaliation due to his race. *Id*. at ¶ 10.

Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) in which he stated as follows:

I was hired on May 17, 2001.  On Jul[y] 26, 2009, I interviewed for the position of Sergeant.  On April 16, 2010, I received an e-mail stating I was not selected for the position of Sergeant.

I was not given a reason as to why I was not offered the position.

I believe I was not offered the position because of my race, black, in violation of Title VII of the Civil Rights Act of 1964, as amended, and retaliation.[1]

The EEOC subsequently issued plaintiff a right-to-sue letter after which plaintiff filed this action.  Defendants thereafter filed the motion to dismiss now before the Court.

II

A

In reviewing a motion to dismiss, the Court must accept as true all factual allegations in the complaint, but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, — U.S. — , 129 S.Ct. 1937, 1950 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949.  "Nor does a complaint suffice if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).  To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, — U.S. — , 129 S.Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting

---

[1] The retaliation box on plaintiff's EEOC charge is not checked but there is no dispute that plaintiff is asserting a retaliation claim.

*Twombly*, 550 U.S. at 556).  A well-pleaded complaint may proceed even if it appears that actual proof of those facts is improbable and that recovery is very remote and unlikely.  *Twombly*, 550 U.S. at 556.  A complaint cannot, however, simply leave open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery.  *Id.* at 561.  Rather, the facts set forth in the complaint must be sufficient to nudge the claims across the line from conceivable to plausible.  *Id.* at 570.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  *Iqbal*, — U.S. — , 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

B

1

Defendants first move to dismiss plaintiff's § 1983 discrimination claim on grounds that § 1983 claims are preempted by Title VII.  Defendants argue that since plaintiff's Title VII claim overlaps with his § 1983 claim, plaintiff's § 1983 claim should be dismissed as to all defendants.

The Court declines to dismiss plaintiff's § 1983 race discrimination claim as this claim is not preempted by Title VII; rather, a Title VII claim of discrimination and a constitutional equal protection claim pursuant to § 1983 may both be asserted when the plaintiff alleges that separate rights–statutory on the one hand and constitutional on the other–have been violated.  *Mercer v. City of Cedar Rapids, Iowa*, 79 F.Supp.2d 1055, 1062 (N.D. Iowa 1999) (citation omitted).  Title VII is not and was never intended to be the exclusive remedy for federal constitutional claims of employment discrimination, and the statutory and constitutional claims do not even need to stand on distinct factual bases, because the claims arise from violations of rights secured by different

4

sources. *Id.  See also Hargrave v. County of Atlantic*, 262 F.Supp.2d 393, 440 (D.New Jersey

2003) (noting that vast majority of courts have held that when a plaintiff alleges conduct which

violates both rights guaranteed by Constitution and statutory rights created by Title VII, a

plaintiff may bring either a Title VII claim, a § 1983 claim, or both).[2]

      With respect to plaintiff's retaliation claim, the precise basis of this claim is not clear and

defendants do not address this claim in their motion to dismiss, stating only in a footnote in their

reply brief that it was not necessary to address the retaliation claim in their initial brief "since the

analysis for discrimination claims and retaliation are the same under Title VII and § 1981." That

simplistic "analysis," however, does not specifically address preemption with respect to § 1983,

and this Court will not address defendants' motion to dismiss plaintiff's retaliation claim on

preemption grounds in the absence of adequate briefing.  *Cf. Hargrave*, 262 F.Supp.2d at 441

(noting that courts have recognized that employment discrimination claims based on theories of

unlawful retaliation or disparate impact–claims which owe their existence to Title VII and are

not recognized under general constitutional principles–may not be pursued via § 1983); *Russell

v. Frabik*, 24 Fed.Appx. 408. *411 (6th Cir. 2001) (state employee's § 1983 race discrimination

claims based on failure to promote and a constructive demotion, which both arose under the

Equal Protection Clause, were not preempted by Title VII; however, to the extent that

constructive demotion claim alleged a transfer based on retaliation, a right arising under Title

VII, it was preempted by Title VII), with *Tyler v. University of Arkansas Board of Trustees*, 628

F.3d 980, 986 (8th Cir. 2011) (noting that although section 704(a) of Title VII, which makes it

---

[2] The Court notes that the Court of Appeals for the Eighth Circuit holds, in the employment discrimination context, that the elements of Title VII claims, § 1981 claims, and § 1983 equal protection claims are the same.  *See, e.g., Humphries v. Pulaski County Special Sch. Dist.*, 580 F.3d 688, 692 n.3 (8th Cir. 2009) (addressing Title VII, § 1981, and § 1983 claims together and applying same standards).

unlawful for the employer to "discriminate against any of his employees or applicants for employment ... because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge" of discrimination against the employer, may not be the basis for a retaliatory discharge claim in a § 1983 action, § 1983 provides a vehicle for redressing claims of retaliation on the basis of the First Amendment, such claims being analyzed under the same framework as claims of retaliation under Title VII); *Covey v. City of Phiadelphia*, Civil No. 06-CV-3649, 2007 WL 789577, at *4 (E.D.Pa. Mar. 13, 2007) ("Because Plaintiff's retaliation claim under § 1983 is based on a violation of her First Amendment rights to free speech and to petition the government for redress of grievances, it has an independent constitutional basis beyond Title VII" and will, therefore, survive defendants' motion to dismiss, but only if the Complaint sufficiently alleges a First Amendment retaliation claim).[3]

2

Defendants argue that in the event the Court does not dismiss plaintiff's § 1983 claims, those claims for monetary damages should be dismissed as they are barred under the doctrine of sovereign immunity as to the AHD and Burks in his official capacity.   Plaintiff essentially concedes that his § 1983 claims against AHD and Burks in his official capacity are barred under the doctrine of sovereign immunity, *see, e.g., Scott v. Arkansas State Crime Lab*, No. 4:09cv00911 SWW, 2011 WL 97115, at *2 (E.D.Ark. Jan. 12, 2011), and so those claims will be dismissed.

3

Defendants next argue that plaintiff's § 1983 claim against Burks in his individual

---

[3] The precise nature of plaintiff's retaliation claim and, hence, whether it may be asserted under § 1983 may perhaps, at least on this record, be an issue more suitable for summary judgment.

capacity should be dismissed because Burks is entitled to qualified immunity.  Defendants argue that plaintiff fails to state any claim against Burks in his complaint and, in fact, only mentions his name briefly in the most conclusory terms.

To prevail at this stage, Burks must show that he is entitled to qualified immunity on the face of the complaint.  *Mathers v. Wright*, 636 F.3d 396, 399 (8th Cir. 2011) (citation omitted).  "Qualified immunity is "*an immunity from suit* rather than a mere defense to liability" and "is effectively lost if a case is erroneously permitted to go to trial."  *Id.* (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)). The inquiry is one of law, not fact, and is to be decided at the earliest possible stage of the litigation.  *Id.* (citation omitted).

A state official sued in his individual capacity is entitled to qualified immunity so long as his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Id.* (citing *Harlow v. Fitzgerald,* 457 U.S. 800 (1982)).  A right is clearly established when "the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right."  *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

Plaintiff argues that his complaint alleges that Burks had knowledge that plaintiff was targeted by his white co-workers on the basis of race and that Burks allowed those circumstances to develop and to proceed without a fair opportunity for plaintiff to be promoted.  Given the nature of plaintiff's allegations, the Court is unable to say at this time that Burks did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  Accordingly, the Court, although it is close, will not dismiss plaintiff's claim on the basis of qualified immunity at this time but will await further development of the record prior to

ruling on the efficacy of Burks's qualified immunity defense.

4

Defendants next argue that Burks cannot be held individually liable under Title VII and that plaintiff failed to name Burks in his EEOC charge of discrimination.  In response, plaintiff asserts that he is only asserting Title VII claims against AHP and is not bringing Title VII claims against Burks in his individual capacity.  Accordingly, defendants' argument on this point is moot.

5

Defendants next argue that plaintiff may not seek punitive damages under Title VII against a state agency.  In response, plaintiff asserts that he is only seeking punitive damages against Burks in his individual capacity under §§ 1981 and 1983 (which the Court will not at this time dismiss given the allegations of plaintiff's complaint).  Accordingly, defendants' argument on this point is moot.

6

Finally, defendants argue that plaintiff's § 1981 claims should be dismissed as they are entitled to immunity under the Eleventh Amendment against § 1981 claims.  In response, plaintiff argues that he is only bringing § 1981 claims against Burks in his individual capacity. Accordingly, defendants' argument on this point is moot.

III

For the foregoing reasons, the Court grants in part and denies in part defendants' motion to dismiss [doc.#4].

IT IS SO ORDERED this 20th  day of May 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE